OTT, Judge.
Appellee was charged with possession of marijuana. A police officer had entered his residence in response to a call from a neighbor, who was justifiably concerned for ap-pellee’s welfare. The officer observed marijuana in plain view in several locations, and seized it without obtaining a warrant. The trial court granted appellee’s motion to suppress the evidence, after making the following findings:
*1237 1. under the emergency doctrine the officer had a right to enter the house;
2. the officer did not suspect the presence of illegal drugs;
3. the contraband was in plain view;
4. the house was vacant, the contraband was in no danger of being destroyed or removed, and no one was present in the house; and
5. warrantless seizure was not necessary by reason of the time element of other exigent circumstances.
The state contends on appeal that a warrant was not required because the marijuana was in plain view. We agree and reverse.
When an officer legally enters a constitutionally protected area and observes contraband in plain view, he may constitutionally seize it without first obtaining a warrant. Ensor v. State, 403 So.2d 349 (Fla.1981).
Accordingly, it was error for the trial court to grant appellee’s motion to suppress.
REVERSED and REMANDED.
GRIMES, A. C. J., and DANAHY, J., concur.